UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ADDIE ALEXIS VILLAVASSO**  **CIVIL ACTION**

**VERSUS**  **NO. 13-634**

**SOCIAL SECURITY ADMINISTRATION**  **SECTION "I" (3)**

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

Plaintiff filed an application for DIB and SSI on February 9, 2011, alleging a disability onset date of January 1, 2007. (Adm. Rec. at 10, 142, 149). Plaintiff alleged disability due to "[p]rolapsed intestines, difficulty from hysterectomy, high blood pressure, severe constipation, headaches, and Depression." (*Id.* at 189). Plaintiff subsequently amended her disability onset date to July 1, 2008. (*Id.* at 10, 38). Plaintiff, born on April 29, 1965, was 43 years old on the date on which she alleged disability and 46 years old at the time of the final administrative decision. (*Id.* at 203). Plaintiff

completed four or more years of college and pharmacy school. (*Id.* at 190). Plaintiff has past work experience as a pharmacist. (*Id.* at 20).

Defendant initially denied plaintiff's application on May 11, 2011. (*Id.* at 10, 68-95). Plaintiff sought an administrative hearing, which defendant held on October 31, 2011. (*Id.* at 27-67). Plaintiff. her friend, Katheline A. Williams, and a vocational expert ("VE"), Ms. Kelly, testified at the hearing.

On January 20, 2012, the administrative law judge ("ALJ") issued a decision in which she found that plaintiff had not been disabled through the date of the decision. (*Id.* at 12-22). In the decision, the ALJ concluded that plaintiff has the severe impairments of gastrointestinal disorder, hypertension, depression and anxiety. (*Id.* at 12). The ALJ held that plaintiff did not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 13). The ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except that she needs to alternate positions every hour for several minutes and needs access to a restroom. (*Id.* at 14-15). The ALJ also concluded that plainitff can concentrate for two hours at a time, and she needs to work in an environment free of fast-paced production requirements. (*Id.* at 15). The ALJ determined that plaintiff can not perform her past relevant work but can perform other work that exists in significant numbers in the national economy such as office clerk and unskilled receptionist or information clerk. (*Id.* at 20-21). The ALJ thus denied plaintiff DIB and SSI. (*Id.* at 21).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. (*Id.* at 6). On February 5, 2013, the Appeals Council denied plaintiff's request. (*Id.* at 1-5). Plaintiff

then timely filed this civil action.

## II.     STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any

of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

## III.     ENTITLEMENT TO BENEFITS UNDER THE ACT

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but cannot, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.  42 U.S.C. § 1382(a)(3)(B).  The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.  20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.  *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians;

(3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id.*

**IV.     ISSUE ON APPEAL**

There are two issues on appeal:

(1)     Whether substantial evidence supports the ALJ's RFC assessment that plaintiff can perform sedentary work with accommodations.[1]

(2)     Whether the ALJ failed to include all of plaintiff's limitations in her hypothetical question to the VE.

**V.     ANALYSIS**

**1.     Whether substantial evidence supports the ALJ's RFC assessment that plaintiff can perform sedentary work with accommodations.**

Plaintiff first contends that substantial evidence does not support the conclusion that she can perform sedentary work with accommodations. However, and as the Commissioner correctly notes, plaintiff's own written statements and oral testimony regarding her ability to perform daily activities belies her claim that she can not perform any work. Plaintiff reported that she can live independently, care for her three minor children, attend Catholic Mass every day, drive a car, shop and cook some. (*Id.* at 10, 50, 182-84); *see also Legett*, 67 F.3d at 565 n.12 (finding that the ALJ may properly consider claimant's ability to perform daily activities when deciding claimant's disability status). Plaintiff also testified that she stopped working in August 2005, nearly three years

---

[1]     While both plaintiff and the Commissioner style this issue as such, the Court notes that plaintiff's challenge here is really a challenge to numerous, discrete findings by the ALJ that the Court will address seriatim.

6

before her amended disability onset date. (*Id.* at 33-35). In *Harrell v. Bowen*, the Fifth Circuit, citing the regulations, held that work cessation for reasons other than disability does not support a claim for benefits. 862 F.2d 471, 479 (5th Cir. 1988). Plaintiff also testified that after she stopped working and evacuated to Texas due to the flooding caused by Hurricane Katrina, she passed the Texas Pharmacy Boards and "was ready to work again." (Adm. Rec. at 35). Indeed, plaintiff worked as a pharmacist in Texas for about a month in July 2008 before a hysterectomy. (*Id.* at 36). The Fifth Circuit has long made it quite clear that disability benefits are for individuals who are unable to work and not a substitute for unemployment compensation. *Celebrezze v. O'Brient*, 323 F.2d 989, 992 (5th Cir. 1963).

Here, the ALJ's RFC assessment fully accounted for the limitations gleaned from the treatment notes and the medical source statements from the reviewing and examining physicians. (Adm. Rec. at 14-20). Indeed, the state agency's reviewing physician even opined that plaintiff can perform a wide range of medium work as opposed to the sedentary work to which the ALJ restricted her. (*Id.* at 19, 78, 90). Dr. Sheldon Hersh recommended that plaintiff "avoid strenuous exertion," that work in a stressful environment be avoided and that she have access to a bathroom, and the ALJ's RFC assessment included all such limitations. (*Id.* at 14-15, 296). Plaintiff contends that her "prognosis was poor and unlikely to improve since she was not engaged in any treatment for her mental health." [Doc. #17-1 at p. 9]. Plaintiff's argument mirrors the consultative report of James M. Mours, Psy.D., who opined that "[t]he prognosis is somewhat poor that the claimant will improve in functioning within the next 12 months, as she is not engaged in treatment for her mental health issues and has very limited insight into her mental health problems." (Adm. Rec. at 307). Mours

7

only opined that the prognosis was "somewhat poor" and then qualified said finding by referencing plaintiff's lack of treatment for the prognosis. (*Id.*). The ALJ also relied on plaintiff's lack of treatment to discredit plaintiff's subjective complaints. (*Id.* at 15-16); *see also Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (allowing ALJ to consider relative lack of treatment as factor when discounting subjective complaints). In addition, Mours assessed plaintiff's Global Assessment of Functioning ("GAF") score at 65. (Adm. Rec. at 17, 307). A GAF score of 65 indicates only "some mild symptoms" or "some mild difficulty in social, occupational, or school functioning, but generally performing pretty well." American Psychiatric Assoc., *Diagnostic and Statistical Manual of Mental Disorders*, 4th ed. Text Revision, 34 (2000).

Mours's report thus supports the ALJ's step-three finding that plaintiff has only mild difficulty in the areas of daily living and social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation that lasted for extended periods. (Adm. Rec. at 13-14, 17). Mours also found plaintiff to be well oriented, neatly groomed, attentive, logical, and relevant. (*Id.* at 13, 306). Mours further noted that plaintiff manages the finances of her household. (*Id.* at 307). At this juncture, plaintiff provides a lengthy argument regarding her mental impairment. Apart from reciting the law, however, plaintiff only contends that her "mental impairments were not provided adequate consideration by the ALJ." [Doc. #17-1 at p. 11]. Notwithstanding that the ALJ expressly evaluated the law cited by plaintiff, (Adm. Rec. at 13-14), a one-sentence argument with no support does not an argument make, and the Court rejects it for inadequate briefing. *See, e.g., Jones v. Astrue*, 228 Fed. Appx. 403, 407 n.2 (5th Cir. 2007) (finding that plaintiff had waived arguments for inadequate briefing).

In conclusion, it is sufficient to note that no physician of record expressly concluded that plaintiff was unable to perform any work. *See Vaughn v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995) (finding conclusion that plaintiff was not disabled to be supported when no physician of record opined that claimant was disabled). Substantial evidence supports the ALJ's findings here, and plaintiff has provided the Court with no factual support and no argument to find otherwise. This argument lacks merit.

### 2. Whether the ALJ failed to include all of plaintiff's limitations in her hypothetical question to the VE.

Also in a one-sentence argument, plaintiff contends that the hypothetical question that the ALJ posed to the VE at the oral hearing did not take into account all of the limitations and restrictions imposed by her impairments. However, the transcript of the oral hearing reveals that the ALJ relied on a series of hypothetical questions that she posed to the VE, which in their totality encompassed all of the following limitations: an individual of plaintiff's age, education, and work history as a pharmacist; who was restricted to sedentary work that allowed for alternating positions every hour for a few minutes before returning to the performance of job tasks; who needed access to a restroom; and who was able to concentrate for two-hour blocks of time, follow simple directions and instructions, and perform work in an environment free of fast-paced production requirements. (Adm. Rec. at 63-64). In response to this hypothetical question, the VE testified that an individual with such limitations could perform sedentary work such as an unskilled office clerk, with 1,200 positions in Louisiana and 97,000 nationally, as well as an unskilled receptionist, with 1,200 positions in Louisiana and 84,000 nationally (*Id.* at 65).

The Court finds that the ALJ properly relied upon the VE's testimony, which she solicited in response to a hypothetical question that contained all of the limitations that the ALJ ultimately included in her RFC assessment. *See Masterson v. Barnhart*, 309 F.3d 267, 273-74 (5th Cir. 2002) (affirming ALJ's step-five finding when ALJ scrupulously incorporated into a hypothetical question all disabilities that the record supported and ALJ accepted as true). The ALJ was not required to include additional limitations, which the record did not support and which he did not accept as true. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (finding that the ALJ is required to include only the limitations that the ALJ recognizes in the hypothetical). The Court also rejects this argument and thus affirms the ALJ's decision.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's case be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 21st day of March, 2014.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**